UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| CHRISTOPHER JOHN FREEMAN, | |
|---|---|
| Plaintiff, | NO. CV-08-192-LRS |
| vs. | ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH FILING FEE REQUIREMENTS |
| CRISWELL KENNEDY, | |
| Defendant. | |

By Order filed July 18, 2008, the court directed Mr. Freeman, a former prisoner at the Spokane County Jail, to submit a new *in forma pauperis* application, or to pay the $350.00 filing fee for this action. The court cautioned that failure to comply would result in denial of leave to proceed *in forma pauperis* and dismissal of this action. Plaintiff did not comply and he has filed nothing further in this action.

**DISMISSAL FOR FAILURE TO OBEY A COURT ORDER**

"Pursuant to Federal Rule of Civil Procedure 41 (b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). The district court should consider five factors when deciding whether to dismiss a case for failure to obey a court order:

ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH FILING FEE REQUIREMENTS -- 1

> (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Ferdik*, 963 F.2d at 1260-61 (Citations omitted).

The first two factors weigh in favor of dismissal. The court's and the public's interests are both served by a quick resolution of civil rights litigation. The third factor also favors dismissal. Defendants will not be prejudiced if the claims are dismissed because the defendants have not yet been served. Only the fourth factor arguably weighs against dismissal. However, despite the court's instructions, Plaintiff has not complied. As for the fifth factor, the only less drastic alternative would be to allow Plaintiff yet more time to comply. Plaintiff, however, has already had nearly a month in which to notify the court of his intent to proceed with this action; and failed to do so. Allowing a further extension would frustrate the purpose of the first two factors; therefore, the fifth factor favors dismissal.

On balance, the four factors that favor dismissal outweigh the one that does not. *Ferdik*, 963 F.2d at 1263 (*citing, Malone v. United States Postal Serv*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (four factors heavily supporting dismissal outweigh one against dismissal), *cert. denied*, 488 U.S. 819 (1988)). Accordingly, **IT IS ORDERED** Plaintiff's request to proceed *in forma pauperis* is **DENIED** and the action is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward a copy to Plaintiff at his last known

ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH FILING FEE REQUIREMENTS -- 2

address.

**DATED** this  12th  day of August, 2008.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH FILING FEE REQUIREMENTS -- 3